IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| JAMES MURRAY, a/k/a JAMES HINES, ET AL., | : : : | |
| Petitioner | : : | CIVIL NO. 3:CV-13-2838 |
| v. | : : | (Judge Conaboy) |
| JUSTICES OF THE SUPREME COURT OF, SOUTH CAROLINA, ET AL., | : : : : | |
| Respondents | : | |

---

## **MEMORANDUM**
## **Background**

    James Murray, a/k/a James Hines, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), initiated this <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is accompanied by a request for leave to proceed <u>in forma pauperis</u>. <u>See</u> Doc. 2. For the reasons outlined below, Petitioner will be granted leave to proceed <u>in forma pauperis</u> for the sole purpose of the filing of this matter, however, his petition will be denied without prejudice.

    It is initially noted that Murray indicates that he is also pursuing this matter on behalf of his fellow members in the National Lawyers Guild, which is described as being "a prisoners

1

legal aid network." Doc. 1-1, p. 6. A party may represent his or her own interests in federal court. See Winkelman v. Parma City School District, 127 S.Ct. 1994, 1999 (2007). However, there is an equally well established common law rule that non-attorneys cannot litigate the rights of others. Collinsgru v. Palmyra Board Of Education, 161 F.3d 225, 232 (3d Cir. 1998).

Federal courts have repeatedly recognized that a pro se inmate litigant such as Murray simply lacks the capacity to represent the interests of other prisoners. Cahn v. United States, 269 F. Supp.2d 537, 547 (D.N.J. 2003); Caputo v. Fauver, 800 F. Supp 168, 170 (D.N.J. 1992); Osei-Afriye v. Medical College of Pa., 937 F.2d 876, 883 (3d Cir. 1991). It is simply plain error to permit a pro se inmate litigant to represent fellow inmates. Whalen v. Wiley, No. 06- 809, 2007 WL 433340 *2 (D. Col. Feb. 1, 2007). Accordingly, Murray will be deemed the sole Petitioner in this matter.

Named as Respondents are the Justices of the Supreme Court of South Carolina, Pennsylvania Bar Association, the American Bar Association, the South carolina Bar Association, Barbara Saunder, Assistant Ethics Counsel, Virginia State Bar Association, United States Parole Commission, Warden J.E. Thomas, and Disciplinary Hearing Officer B. Chambers.[1]

Plaintiff describes himself as being a jailhouse lawyer who

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. See 28 U.S.C. § 2242.

2

has or wishes to provide assistance to other prisoners in Pennsylvania, South Carolina, and Virginia.[2] According to the Petition, an August 17, 2012 decision by the South Carolina Supreme Court which denied Plaintiff's request for authorization to continue to provide legal services to fellow South Carolina state prisoners was improper. See Doc. 1-1, p. 3.

In a related development, it is alleged that Assistant Ethics Counsel Saunder also improperly advised Murray to cease his jailhouse lawyer activities in the Commonwealth of Virginia or face a possible misdemeanor charge. See id. at p. 4. His pending action concedes that he is not licensed to practice law in any jurisdiction and has not yet been prosecuted for the unauthorized practice of law.

Murray presently seeks declaratory relief specifically a ruling by this Court that the South Carolina state statute which forbids him to engage in the unauthorized practice of law is unconstitutional and that this Court's ruling to that effect should be given full faith and credit by the American, Pennsylvania, Virginia, and South Carolina Bar Associations. See id. at p. 9.

## Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States

---

[2] Murray previously filed multiple pro se actions before this court.

3

District Courts, 28 U.S.C. foll. § 2254 (1977). See Patton v. Fenton, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979). The Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.); Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.).

Rule 4 states in relevant part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor

4

would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Recognizing the observation in <u>Woodall</u> that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." <u>Hairston v. Grondolsky</u>, 2008 WL 618805, \*2 (D.N.J. March 3, 2008).

From a careful review of the petition, it is clear that Murray does not claim entitlement to speedier or immediate release from custody nor does he challenge the legality of his present incarceration. The Petitioner acknowledges that he is not challenging the legality of his conviction or sentence (Doc. 1, ¶ 10); an immigration proceeding (<u>Id</u>. at ¶ 11); or the duration of his ongoing confinement.

Murray is simply not raising a claim related to the execution of his sentence as contemplated in <u>Woodall</u>. Rather, based on the grounds asserted in his petition, Petitioner challenges only his inability to represent the legal interests of his fellow prisoners.

Murray clearly acknowledges that the alleged deprivation of his right to act as a jailhouse lawyer did not include a loss of good time credits or otherwise extend the length of his confinement. Thus, the purported constitutional misconduct did not adversely affect the fact or duration of Murray's incarceration. <u>See</u> <u>Wapnick v. True</u>, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997)(McClure, J.). Accordingly, "habeas corpus is not an

5

appropriate or available federal remedy." See <u>Linnen v. Armainis</u>, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, the petition will be denied as meritless without prejudice.[3] See <u>David v. United States</u>, Civ. A. No. 3:CV-99-0836, slip op. at 5 (June 17, 1999 M.D. Pa.) (Munley, J.); <u>Wool v. York County Prison</u>, Civ. A. No. 4:CV-98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.). An appropriate Order will enter.

> S/Richard P. Conaboy
> RICHARD P. CONABOY
> United States District Judge

DATED: NOVEMBER 22, 2013

---

[3] Murray's present claims are more properly in a civil rights complaint. In this regard, this Court notes that a prior civil rights action filed by Petitioner similarly challenging the August 17, 2012 decision of the South Carolina Supreme Court, <u>Murray v. Supreme Court of South Carolina.</u> Civil No. 3:12-cv-2384, was dismissed by this Court on December 5, 2012.
An appeal of that decision to the United States Court of Appeals for the Third Circuit was dismissed for failure to timely prosecute.

6